DECISION
The issue presented in this case is whether the defendant's motion to vacate the arbitration award, which under the terms of the policy, is binding on all parties is time barred. Section10-3-15 of the General Laws of Rhode Island provides:
 "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his or her attorney within sixty (60) days after the award is filed or delivered, and before the award is confirmed, as prescribed by law for service of notice of a motion in an action at law. The court may make an order, to be served with the notice of the motion, staying the proceedings of the adverse party to enforce the award."
The award at issue was signed on November 23, 1998 by two of the three arbitrators. By its express terms the policy provides, "A decision agreed to by two of the three arbitrators will be binding and may be entered as a judgment in a proper court." In the defendant's pleadings and memorandum in support of the motion to vacate it can clearly be established that the arbitrator appointed by the defendant insurance carrier was notified of the award well before December 15, 1998, which would have been 60 days before the motion to vacate was filed on February 15, 1999. The award was signed on November 23, 1999; the defendant does not assert nor has it proven that the award was not filed or delivered on said date. Indeed, the defendant in its argument argues the reason it did not move to vacate the award within 60 days as required by statute was that it believed the award was defective and thus void. Clearly the defendant's motion to vacate was not timely filed, divesting this Court with the jurisdiction to even decide the controversy.
Further, even if a dissenting judge's opinion from a case filed in the Florida State Court had any precedential value in Rhode Island, the theory of void ab initio is not applicable to the facts and circumstances presented. Clearly all three of the arbitrators heard and considered the evidence on two separate dates. It was the inability of all three to meet and agree on a figure, which apparently would have been impossible according to the carrier's own pleadings. The record is devoid of any evidence that the award was procured by corruption, fraud, or undue means. Is the carrier suggesting that unless all three arbitrators agree as to the exact amount of the award the granting of an award is corrupt? Certainly, retired Judge Orton obviously complied with his responsibilities by identifying why he awarded the amount he did: $1,500 per year for partial disability for the remainder of Mrs. Broomfield's life.
Because this Court finds the motion to vacate was not timely filed and because this Court finds no evidence of fraud, corruption, or undue means used to grant an award and because no other evidence exists to support the vacating of the award, the motion to vacate the arbitration award is denied and the plaintiff's application to confirm the arbitration award is granted.
Counsel of plaintiff should prepare and file a judgment consistent with this decision.